UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

PABLO MICHEL RAMIREZ GONZALEZ   )
and all others similarly situated under 29   )
U.S.C. 216(B),   )
   )
       Plaintiff,   )
vs.   )
   )
AMERICLEAN BUILDING   )
MAINTENANCE, INC.,   )
   )
       Defendant.   )
_____ )

**COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME AND MINIMUM WAGE VIOLATIONS AND RETALIATION UNDER 29 USC 215(A)(3)**

Plaintiff, PABLO MICHEL RAMIREZ GONZALEZ on behalf of himself and all others similarly situated under 29 U.S.C. 216(B), through undersigned counsel, files this Complaint against Defendant, AMERICLEAN BUILDING MAINTENANCE, INC., and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendant AMERICLEAN BUILDING MAINTENANCE, INC. is a corporation that regularly transacts business within Palm Beach and Miami-Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

**COUNT I. FEDERAL OVERTIME WAGE VIOLATION**

5. This action arises under the laws of the United States. This case is brought as a collective

action under 29 USC 216(B). It is believed that the Defendant has employed several other similarly situated employees like Plaintiff who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

7. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

8. Plaintiff worked for Defendant as a cleaner from on or about December 25, 2013 through on or about April 15, 2014.

9. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendant affected interstate commerce for the relevant time period. Plaintiff's work for the Defendant affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendant was actually in and/or so closely related to the movement of commerce while he worked for the Defendant that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant.

10. Additionally, Defendant regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used

instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

11. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2012 and 2013.

12. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $500,000 for the year 2014.

13. Between the period of on or about December 25, 2013 through on or about April 15, 2014, Plaintiff worked an average of 44 hours a week for Defendant and was paid an average of $4.55 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate based on the applicable minimum wage rate for each hour worked above 40 in a week.

14. Additionally, Defendant arbitrarily withheld $900 or 5 weeks worth of pay from Plaintiff's earnings during that time period. Plaintiff is additionally claiming the time-and-a-half overtime rate for that $900 or 5 weeks worth of pay that was arbitrarily withheld from Plaintiff.

15. Defendant willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendant's payroll practices were in accordance with the Fair Labor Standards Act. Defendant remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendant, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendant or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

## COUNT II. FEDERAL MINIMUM WAGE VIOLATION

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-15 above and further states:

16. 29 U.S.C. § 206 (a) (1) states "..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

17. Between on or about December 25, 2013 through on or about April 15, 2014, Plaintiff worked an average of 44 hours a week for the Defendant. Plaintiff was paid $4.55/hr for said work in violation of the Fair Labor Standards Act as said payment of $4.55/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between his average hourly rate of $4.55/hr and the applicable minimum wage rate of $7.25/hr for all hours worked.

18. The Defendant's wage payment practices to Plaintiff for this time period did not meet the federal minimum wage law requirements as Plaintiff was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

19. Defendant willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendant knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendant's payroll practices were in accordance with the Fair Labor Standards Act. Defendant remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendants, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendant or, as much as allowed by the Fair Labor Standards Act --whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury*.

### COUNT III: RETALIATION UNDER 29 USC 215(A)(3)

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-19 above and further states:

20. On or about April 15, 2014, Defendant, through its managers, approached Plaintiff with a false affidavit that Defendant wanted Plaintiff to sign so the Defendant could use it against Rosendo Lazaro Aloma Toledo, the named Plaintiff in *Toledo v. American Building Maintenance, Inc.*, Case No. 14-20871-CIV-Moore/McAliley in the US District Court for the Southern District of Florida.

21. The false affidavit stated that Toledo never worked overtime and was always paid the proper

wage.

22. Plaintiff refused to sign the false affidavit. Defendant, through its managers, told Plaintiff that if he did not sign Defendant would continue to withhold the $900 mentioned above.

23. Defendant, through its managers, also threatened to call the police.

24. The motivating factor for Defendant's threats and withholding the $900 owed to Plaintiff was due to Plaintiff refusing to make false testimony in a proceeding for a claim for mandated wages under the FLSA.

25. The threats against Plaintiff is in direct violation of 29 U.S.C. 215 (A)(3) because the motivating factor for said threats was Plaintiff refusing to make false testimony in a proceeding for a claim for mandated wages under the FLSA and, as a result, Plaintiff has been damaged.

Wherefore, Plaintiff requests judgment against the Defendants, jointly and severally, the $900 owed to Plaintiff, attorney's fees, costs, liquidated damages, emotional distress and humiliation and mental anguish, as well as all other damages recoverable by law 29 U.S.C. 216(B). *The Plaintiff requests a trial by jury*.

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:__/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
    Florida Bar Number: 0010121