UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-CV-21538-TURNOFF

PABLO MICHEL RAMIREZ GONZALEZ,

    Plaintiff,

vs.

AMERICLEAN BUILDING MAINTENANCE, INC.

    Defendant.
_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT AND ATTORNEYS' FEES AND COSTS FOR COLLECTION

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Final Default Judgment and Attorneys' Fees and Costs for Collection (ECF No. 44), and Defense Counsel's Partially Agreed Motion to Withdraw as Attorney for Defendant. (ECF No. 46). These matters were heard before the undersigned on May 29, 2015. (ECF No. 52). In addition to counsel for the parties, present at the hearing also were James Johnson, the president of the corporate Defendant, and via telephone, Tarek Kiem, Esq., bankruptcy counsel for Defendant. This Order serves to memorialize the undersigned's rulings made in open court, which are incorporated by reference herein.

The parties settled this Fair Labor Standards Act action on March 12, 2015. (ECF No. 39). The Court entered an Order Approving Parties' Settlement Agreement and Dismissing Case With Prejudice on April 10, 2015. (ECF No. 43). The Order provided that the Court retained jurisdiction to enforce the terms of the settlement agreement. Id.

The Settlement Agreement provided for twelve payments in the amount of $2,000.00, due

Page 1 of 4

on the first of each month, beginning on May 1, 2015. (ECF No. 41-1). Defendant failed to make the first payment by May 1, 2015. Paragraph 3 of the Settlement Agreement provided that, in the event of non-payment, Plaintiff's counsel would give written notice via email to James Johnson who would have three business days to cure the breach. Id. Failure to cure the breach within the time provided would result in a final default judgment and the payment of attorney's fees and costs for collection. Id.

Pursuant to the Settlement Agreement, on May 4, 2015, Plaintiff's counsel sent an email to James Johnson, Defendant's president, putting him on notice of the breach and providing until May 7, 2015, to cure same. After not receiving payment, Plaintiff waited four days before filing the instant Motion for Final Default Judgment and Attorneys' Fees and Costs for Collection (ECF No. 44), on May 11, 2015. On May 14, 2015, Defendant provided Plaintiff with a check for $3,000 ($2,000 payment with $1,000 late fee).

Plaintiff sought the entry of final default judgment against Defendant in the amount of $28,500, which was $31,500 minus the $3,000 payment, as well as reasonable fees and costs incurred for collection of the judgment, to be determined by the Court. Plaintiff filed a Notice to this effect. (ECF No. 51).

On May 22, 2015, Defendant filed a response to the default motion and a Motion to Withdraw by defense counsel. (ECF No. 46, 47). Defense counsel represented at the hearing that she was withdrawing the motion to withdraw.

With respect to non-payment, Defendant indicated that he had intended to make timely payment, but that his office staff had failed to do so on his behalf. In additional support of the delay, Defendant pointed to the fact that the Settlement Agreement did not provide the address to mail the

payments and that no proof had been provided that Plaintiff had received the payment on May 14th and not earlier.

Defendant retained Tarek Kiem, Esq., as bankruptcy counsel who appeared at the hearing telephonically. Mr. Kiem advised that he was retained by Mr. James in an attempt by the corporate Defendant to avoid bankruptcy. Defendant argued that the entry of a default judgment against it at this time might push it into bankruptcy. Mr. Kiem indicated that, in the event of a bankruptcy, the entry of default judgment would not affect Plaintiff's standing as Plaintiff already had a claim. Moreover, Mr. Kiem opined that Defendant would be able to comply with its obligations under the Settlement Agreement if no default judgment was entered against it.

Defendant represented that he had provided Plaintiff with three additional post-dated checks as an indication of his intention to comply with the terms of the Settlement Agreement. Moreover, the parties agreed in open court that Defendant would provide Plaintiff with post-dated checks for all remaining payments.

In consideration of the representations made in open court by Defendant, the undersigned found that the breach in this case had not been intentional. Although Plaintiff was entitled to the relief sought pursuant to the terms of the Settlement Agreement, the undersigned exercised the Court's discretion to deny the Motion for Default without prejudice. Plaintiff's request for collection attorney's fees and costs was also denied without prejudice. Finally, as indicated *supra*, defense counsel's Motion to Withdraw was withdrawn.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Final Default Judgment and Attorneys' Fees and Costs for Collection (ECF No. 44) is **DENIED without prejudice**, Plaintiff's request for attorney's fees and costs incurred in collection is **DENIED without**

**prejudice**, and Defense Counsel's Partially Agreed Motion to Withdraw as Attorney for Defendant (ECF No. 46) is **withdrawn**.

**DONE AND ORDERED** in Chambers, at Miami, Florida, this 29th day of May 2015.

WILLIAM C. TURNOFF
United States Magistrate Judge

cc: Hon. Darren P. Gayles
Counsel of record